Huda v. Garland

BIA
Lurye, IJ
A200 815 893

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand twenty-two.

PRESENT:
> JOHN M. WALKER, JR.,
> PIERRE N. LEVAL,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

NAJ MUL HUDA,
> *Petitioner,*

v.                                                    20-529
                                                      NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                Mahfuzur Rahman, Esq., Elmhurst, NY.

FOR RESPONDENT:                Jeffrey Bossert Clark, Acting Assistant Attorney General; Daniel E. Goldman, Senior

Litigation Counsel; Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Naj Mul Huda, a native and citizen of Bangladesh, seeks review of a January 15, 2020, decision of the BIA affirming a May 7, 2018, decision of an Immigration Judge ("IJ") denying Huda's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Naj Mul Huda,* No. A200 815 893 (B.I.A. Jan. 15, 2020), *aff'g* No. A200 815 893 (Immig. Ct. N.Y. City May 7, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review the dispositive adverse credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

2

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse credibility determination.

The agency reasonably relied on inconsistencies between Huda's hearing testimony and credible fear interview. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). As an initial matter, the record reflects that the interview record was sufficiently reliable because the interviewer's questions were designed to elicit the details of Huda's claim, the interviewer asked follow-up questions and asked Huda if there was additional information that he wanted to provide, and there was no

3

indication that Huda was reluctant to reveal information or that he was confused by the interpreter's translations. *See Ming Zhang v. Holder*, 585 F.3d 715, 723-25 (2d Cir. 2009).

The agency was not required to credit Huda's explanations that the interviewer mis-transcribed his answers and that the Bengali interpreter misinterpreted his statements. Indeed, the IJ put Huda on notice of the contents of the credible fear interview nearly two years before he testified, yet Huda declined to object when the IJ admitted the interview into evidence; and he challenged the interpreter's translation of his interview answers only when confronted with them during cross-examination. A comparison of the interview with Huda's later statements reflects substantial inconsistency. Huda testified in detail regarding two attacks and a kidnapping he suffered, none of which he mentioned during the credible fear interview. *See Hong Fei Gao*, 891 F.3d at 78 (cautioning that omissions from preliminary statements are not as probative as "inconsistencies created by direct contradictions," but that omission would be probative where "facts are ones the witness would reasonably have been expected to disclose") (internal quotation marks omitted). These omissions lent considerable

support to the adverse credibility determination because they concerned "the very persecution from which he sought asylum." *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (internal quotation marks omitted); *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The agency also properly relied on internal inconsistencies within Huda's hearing testimony because he first testified that he and other supporters of the Bangladeshi National Party ("BNP") were attacked by supporters of the rival Awami League, but later stated that he did not remember who hit him. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (credibility finding may be based on "the internal consistency" of an applicant's statement).

The agency also reasonably concluded that Huda's corroborating evidence did not rehabilitate his lack of credibility. An alien's "failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable

5

to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). "We defer to the agency's determination of the weight afforded to an alien's documentary evidence." *Y.C. v. Holder,* 741 F.3d 324, 334 (2d Cir. 2013). The agency was not required to credit affidavits from Huda's family, friends, and BNP allies because the authors were not available for cross-examination and some of them were interested witnesses. *See id.* (deferring to agency decision to afford little weight to petitioner's husband's letter because it was unsworn and from an interested witness); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding letters from friends and family insufficient to support alien's claims because the authors were interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang*, 677 F.3d at 133-38. And Huda's medical evidence, some of which was vague and some of which contradicted his hearing testimony, did not resolve the inconsistencies in his statements. *See Biao Yang*, 496 F.3d at 273; *see also Y.C.*, 741 F.3d at 334.

Given the multiple inconsistencies, substantial evidence supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. This adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims arose from the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7